GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

EDMUND K. SAFFERY          5860-0
   esaffery@goodsill.com
LYNDA L. ARAKAWA           9543-0
   larakawa@goodsill.com
First Hawaiian Center, Suite 1600
999 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Attorneys for Defendant
LOWE'S HOME CENTERS, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROLAND BATANGAN AND RUTH BATANGAN,<br><br>            Plaintiffs,<br><br>  vs.<br><br>LOWE'S HOME CENTERS, LLC, JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE LIMITED LIABILITY COMPANIES 1-10; ROE "NON PROFIT" CORPORATIONS 1-10; and ROE GOVERNMENTAL ENTITIES 1-10,<br><br>            Defendants. | CIVIL NO. _____<br><br>DEFENDANT LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL; EXHIBITS "A"-"B"; CERTIFICATE OF SERVICE |

6543933.1

## DEFENDANT LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL

TO: THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

Defendant LOWE'S HOME CENTERS, LLC ("Defendant Lowe's"), hereby submits this Notice of Removal ("Notice") petitioning the United States District Court for the District of Hawaii for removal of the above-captioned action, Civil No. 17-1-1276-08 DEO, from the Circuit Court of the First Circuit, State of Hawaii, pursuant to 28 U.S.C. §§ 1332 (diversity of citizenship), 1441 and 1446, and submits a short and plain statement of the grounds for removal, as follows:

A.  Introduction

1. On August 14, 2017, Plaintiffs ROLAND BATANGAN and RUTH BATANGAN ("Plaintiffs") filed an Amended Complaint in the Circuit Court of the First Circuit, State of Hawaii (Civil No. 17-1-1276-08 DEO), against Defendant Lowe's, alleging claims for negligence and loss of consortium arising out of an alleged September 7, 2015 incident at Lowe's' premises located at 94-805 Lumiaina Street, Waipahu, Hawaii 96797 ("Lowe's Store"). Attached hereto as Exhibit "A" is a true and correct copy of the Amended Complaint.

2. Plaintiff Roland Batangan alleges that he was loading hollow tiles into his cart at Lowe's Store when a stack of hollow tile next to him fell, knocking him to the ground. Amended Complaint at ¶ 6. Plaintiff alleges he

"suffered severe and permanent injuries including but not limited to neck, shoulder and lower back pain" and that he is "still treating due to constant sharp pain, tightness and discomfort of the shoulder." Amended Complaint at ¶ 16. Plaintiff alleges that he is entitled to "compensation for past and future medical expenses, other out-of-pocket expenses, pain and suffering, severe mental anguish and emotional distress, the loss of future enjoyment of life, and other special and general damages[.]" *Id.* Plaintiff Ruth Batangan alleges she was "deprived of consortium" and "was and continues to be subjected to serious emotional distress" as a result of the incident. Amended Complaint at ¶¶ 19-20.

B.   Diversity of Citizenship

    3.    Based upon information and belief, Plaintiffs are citizens of the State of Hawaii within the meaning of 28 U.S.C. § 1332(a)(1). *See* Amended Complaint at ¶ 1 (stating that Plaintiffs "are residents of the City and County of Honolulu, State of Hawaii").

    4.    Defendant Lowe's is a foreign limited liability company. Its only member is Lowe's Companies, Inc., a North Carolina corporation with its principal place of business in North Carolina. Defendant Lowe's is therefore deemed a citizen of North Carolina for purposes of 28 U.S.C. § 1332(a)(1). *See Michaels v. Longs Drug Stores California, LLC*, No. 14-00396 ACK-KSC, 2014 U.S. Dist. LEXIS 154844, at *5 (D. Haw. Oct. 8, 2014) ("LLCs are citizens 'of

every state of which its owners/members are citizens.'") (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)).

        5.    All other defendants are fictitiously named: JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10, DOE LIMITED LIABILITY COMPANIES 1-10, ROE "NON PROFIT" CORPORATIONS 1-10, ROE GOVERNMENTAL ENTITIES 1-10 ("Doe Defendants"). The citizenship of Doe Defendants shall be disregarded in determining whether an action is removable under 28 U.S.C. § 1332(a). *See* 28 U.S.C. § 1441(b)(1).

C.    The Amount in Controversy is Satisfied

        6.    Based on the allegations in the Complaint, it is facially apparent than the alleged amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. This Court "may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy" or "may consider facts in the removal petition." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citations omitted). Specifically, the Amended Complaint alleges that Plaintiff Roland Batangan "suffered severe and permanent injuries including but not limited to neck, shoulder and lower back pain," as well as "severe mental anguish and emotional distress, the loss of future enjoyment of life, and other special and general damages[.]" Amended Complaint

at ¶ 16.  Plaintiff Ruth Batangan alleges she suffered loss of consortium as well as "serious emotional distress."  *Id.* at ¶¶ 19-20.  As a result, Plaintiffs contend that they are entitled to general and special damages, plus prejudgment interest and attorneys' fees.  Amended Complaint at p. 5 (Prayer for Relief).

7. Accordingly, this Court has original jurisdiction of this action under 28 U.S.C. § 1332(a), and this action is one which may be removed to this Court by Defendant Lowe's pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1446, respectively, given that the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

D. Process and Pleadings

8. Defendant Lowe's was served with the Amended Complaint and Amended Summons on September 21, 2017.  Attached hereto as Exhibit "B" is a true and correct copy of the Notice of Service of Process.

9. Accordingly, this Notice is timely filed within thirty (30) days of receipt of "an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable" pursuant to 28 U.S.C. § 1446(b)(3).

10. This Notice is also timely filed within one year of the commencement of the action.  *See* 28 U.S.C. § 1446(c)(1).

11. The United States District Court for the District of Hawaii

"embrace[s] the place where [the state court] action is pending," and therefore is the proper District Court to which this case should be removed pursuant to 28 U.S.C. § 1441(a).

12. By removing this action, Defendant Lowe's does not waive any defenses available to it.

13. By removing this action, Defendant Lowe's does not admit any of the allegations in Plaintiffs' Amended Complaint.

14. This short and plain statement of the grounds for removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Lowe's prays that the above-entitled action be removed from the Circuit Court of the First Circuit, State of Hawaii to the United States District Court for the District of Hawaii, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

DATED:  Honolulu, Hawaii, October 11, 2017.

/s/ Edmund K. Saffery
EDMUND K. SAFFERY
LYNDA L. ARAKAWA

Attorneys for Defendant
LOWE'S HOME CENTERS, LLC