*Office of Alex M. Sonson*
*A Law Corporation*

ALEX M. SONSON 6083
Loulen's Courte
1125 North King Street, Suite 305
Honolulu, Hawaii 96817
Telephone: (808) 671-8886

Attorneys for Plaintiffs
ROLAND BATANGAN &
RUTH BATANGAN

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2017 AUG 14  PM 12: 05

N. ANAYA
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| ROLAND BATANGAN AND RUTH BATANGAN<br><br>Plaintiffs,<br><br>vs.<br><br>LOWE'S HOME CENTERS, LLC, JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE LIMITED LIABILITY COMPANIES 1-10; ROE "NON PROFIT" CORPORATIONS 1-10; and ROE GOVERNMENTAL ENTITIES 1-10<br><br>Defendants. | CIVIL CASE NO. 17-1-1276-08 DEO<br>(Non-motor Vehicle Tort)<br><br>AMENDED COMPLAINT; AMENDED SUMMONS |

AMENDED COMPLAINT

Comes now Plaintiffs above named, by and through their attorney, ALEX M. SONSON,

and respectfully alleges as follows

i do hereby certify that this is a full, true, and
correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

**EXHIBIT A**

1.      Plaintiff, ROLAND BATANGAN (Plaintiff "Roland") and RUTH BATANGAN (Plaintiff "Ruth") and referred to as collectively as "(Plaintiffs") are residents of the City and County of Honolulu, State of Hawaii.

2.      LOWE'S HOME CENTER, LLC (hereinafter Defendant "LOWE'S") is limited liability company incorporated in the State of North Carolina , with its principal offices located in North Carolina and doing business in the State of Hawaii

3.      The incident forming the basis of this Complaint occurred in Defendant Lowe's located at 94-805 Lumiaina St, Waipahu, HI 96797 (herein referred to as "Store")

4.      Defendants JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10; DOE LIMITED LIABILITY COMPANIES S 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10; and ROE GOVERNMENTAL ENTITIES 1-10, are sued herein under fictitious names because their true names and capacities, whether individual, corporate, associate or otherwise are unknown to Plaintiffs, but were in some manner presently unknown to Plaintiffs engaged in the activities alleged herein; and/or were in some manner responsible for the injuries and damages to Plaintiffs. When the true names and capacities are ascertained, Plaintiffs will ask leave to amend this Complaint to state the true names.

5       Plaintiffs are informed and believe and thereupon allege that all times herein mentioned, each Defendant is/was the agent and/or employee of each of the remaining defendants, and in doing the things hereinafter alleged, were acting within the scope of such agency and employment.

6.      Based on Plaintiff Roland's recollection of the incident, on or about September 7, 2015, Plaintiff Roland was a customer at Defendant LOWE'S, to purchase some construction materials. Plaintiff Roland while he was loading hollow tiles into his cart, a stack of hollow tile

next to him fell to the ground, knocking Plaintiff Roland over on to the ground.

## COUNT I - NEGLIGENCE

7. Plaintiffs re-allege and incorporate by reference paragraphs 1-7 as if fully set forth herein.

8. Upon information and belief, Plaintiff Roland alleges that the stack of hollow tile was stored in an unsafe manner and was an unreasonable risk of harm.

10. As part of its mode of operation, Defendant Lowe's is required to maintain its Store in a reasonably safe manner. Defendant Lowe's is required to remove unreasonable risks of harm or conditions that posed an unreasonable risk of harm to customers of Defendant's Store.

11. Defendant Lowe's owes a duty to customers to take reasonable steps to eliminate the unreasonable risk of harm, or to warn the users against the unreasonable risk of harm.

12. Defendant Lowe's knew or should have known that someone would be injured due to unsafe stacking of the hollow tiles. Defendant Lowe's had a duty to take reasonable protective steps for the benefits of customers of the Store who might be injured by falling hollow tiles.

13.      Defendant Lowe's failed to maintain the premises in a reasonably safe manner by failing to inspect, secure, maintain, and/or otherwise keep free of hazards the Store to its customers. Defendant Lowe's failed to protect customers such as Plaintiff Roland from reasonably foreseeable accidents, resulting from the failure to secure, inspect, maintain, and/or otherwise keep free of hazards at the Store for its customers.

14.      At the time of the incident, Defendant Lowe's knew or should have known that the unsecured stack of hollow tiles posed an unreasonable risk of harm to its customers like Plaintiff Roland. The unsecured unsafe staking of the hollow tiles constituted a dangerous condition with an unreasonable risk of harm presented to customers of Defendant Lowe's,

including Plaintiff Roland.  Further, Defendant Lowe's knew or should have known that its customers, like Plaintiff Roland, would be unaware of the dangerous condition presented by the unsecured stack of tiles.

15.     Immediately after Plaintiff Roland's fall incident, Plaintiff Roland reported the incident to the Store Manager..

16.     As a direct and proximate result of Defendant Lowe's' failure to maintain its premises, Plaintiff Roland suffered severe and permanent injuries including but not limited to neck, shoulder and lower back pain. Plaintiff Roland is still treating due to constant sharp pain, tightness and discomfort of the shoulder  These injuries entitled Plaintiff Roland to compensation for past and future medical expenses, other out-of-pocket expenses, pain and suffering, severe mental anguish and emotional distress, the loss of future enjoyment of life, and other special and general damages as allowed by law.

## COUNT II – LOSS OF CONSORTIUM

For a separate and distinct claim for relief, Plaintiffs allege as follows:

17.     Plaintiffs re-allege and incorporate by reference paragraphs 1-16 as if fully set forth herein.

18.     Prior to the above-described incident, Plaintiffs were both in good health and fully capable of performing and did perform the duties of husband and wife, without limitations.

19.     By reason of the injuries inflicted upon Plaintiff Roland , Plaintiff Ruth has been deprived of consortium, and of his wife's society and services.  Her comfort and happiness in her husband's society and company have been impaired and such deprivation and impairment will long continue, all to Plaintiff Ruth's general damages.

20.     As a direct and proximate result of the actions of the Defendants described herein,

Plaintiff Ruth was and continues to be subjected to serious emotional distress, the kind with which a person normally constituted would not be adequately able to cope, as a result of, but not limited to, witnessing the injuries sustained and the suffering of her husband, Plaintiff Roland.

WHEREFORE, Plaintiffs pray judgment against the Defendants, and each of them, jointly and as is hereinafter set forth.

WHEREFORE, Plaintiffs pray for judgment against all of the foregoing Defendants, jointly and severally, as follows:

1.   General Damages in an amount to be shown at the time of the trial.

2.   Special Damages in an amount to be shown at the time of the trial.

3.   Prejudgment interest from the date of the accident, costs, and reasonable

attorneys' fees, and such other and further relief as may be deemed just and equitable in the premises.

Dated: Honolulu, Hawaii, _____8/11/2017_____

ALEX M. SONSON
Attorney for Plaintiffs
ROLAND BATANGAN &
RUTH BATANGAN

*Office of Alex M. Sonson*
*A Law Corporation*

ALEX M. SONSON 6083
Loulen's Courte
1125 North King Street, Suite 305
Honolulu, Hawaii 96817
Telephone: (808) 671-8886

Attorneys for Plaintiffs
ROLAND BATANGAN &
RUTH BATANGAN

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| ROLAND BATANGAN AND RUTH BATANGAN<br><br>Plaintiffs,<br><br>vs.<br><br>LOWE'S HOME CENTERS, LLC, JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE LIMITED LIABILITY COMPANIES; ROE "NON PROFIT" CORPORATIONS 1-10; and ROE GOVERNMENTAL ENTITIES 1-10<br><br>Defendants. | CIVIL CASE NO. 17-1-1276-08 DEO<br>(Non-motor vehicle tort, Premises Liability)<br><br>AMENDED SUMMONS |

AMENDED SUMMONS

STATE OF HAWAII

TO THE ABOVE-NAMED DEFENDANTS:

You are hereby summoned and required to file with the court and serve upon the Law

Office of Alex M. Sonson, Plaintiffs' attorney, whose address is Loulen's Courte, 1125 North

King Street, Suite 305, Honolulu, Hawaii 96817 an answer to the Amended Complaint which is

herewith served upon you, within twenty (20) days after service of this amended summons upon

you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken

against you for the relief demanded in the Amended Complaint.

This amended summons shall not be personally delivered between 10:00 p.m. and 6:00

a.m. on premises not open to the general public, unless a judge of the above-entitled court

permits, in writing on this amended summons, personal delivery during those hours.

A failure to obey this amended summons may result in an entry of default and default

judgment against the disobeying person or party.

DATED: Honolulu, Hawaii, _____ **AUG 1 4 2017** _____

_____
N. ANAYA
CLERK OF THE ABOVE-ENTITLED COURT